# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ANGEL LIRA, Booking #19737821,<br><br>Plaintiff,<br><br>vs.<br><br>CODY HORN; BRIAN OLSON; UNKNOWN LAW ENFORCEMENT; HANE SADAF,<br><br>Defendants. | Case No. 3:19-cv-01801-MMA-AHG<br><br>**ORDER DISMISSING CIVIL ACTION PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b) AND FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER REQUIRING AMENDMENT** |

Plaintiff Miguel Angel Lira, while detained at the San Diego Sheriff Department's George F. Bailey Detention Facility ("GBDF") in San Diego, California, and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 ("Compl.") on September 18, 2019. *See* Compl., Doc. No. 1.

While the factual and legal basis for his claims was not clear, Lira's Complaint appeared to challenge the constitutional validity of his arrest, ongoing criminal case, the deprivation of his property, and the adequacy of his public defender's representation. *See id.* at 2–11. He sought $50,000 in compensatory and punitive damages. *Id.* at 13.

## I. Procedural History

On December 2, 2019, the Court granted Lira's Motion to Proceed In Forma Pauperis ("IFP"), but dismissed his Complaint for failing to state claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See* Doc. No. 3. Lira was notified of his pleading deficiencies, and granted 30 days leave to file an Amended Complaint that fixed them, if he could. *Id.* at 6-10. Lira was also warned his failure to amend would result in the dismissal of his case. *Id.* at 13 (citing *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action.")).

Lira's Amended Complaint was due on or before January 2, 2020. More than a month has elapsed since that time, but to date, Lira has failed to amend, and has not requested an extension of time in which to do so.[1] "The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

## II. Conclusion and Order

Accordingly, the Court **DISMISSES** this civil action in its entirety without prejudice based on Lira's failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and his failure to prosecute as required by Court's December 2, 2019 Order requiring amendment. *See also* S.D. Cal. CivLR 83.11.b. ("If mail directed to a pro se plaintiff by the clerk at the plaintiff's last designated address

---

[1] In fact, the Court's December 2, 2019 Order was returned undeliverable by the U.S. Post Office on December 18, 2019, with a notation that Lira is no longer housed at GBDF. *See* Doc. No. 4. The Court has confirmed Lira is no longer is the custody of the San Diego County Sheriff's Department, *see* https://apps.sdsheriff.net/wij/WijList.aspx?LastName=Lira&FirstName=Miguel (last accessed Feb. 19, 2020), and he has filed nothing since submitting his original Complaint and IFP Motion in September 2019. The Local Rules of this Court provide that "[a] party proceeding pro se must keep the court and opposing parties advised as to current address." *See* S.D. Cal. CivLR 83.11.b.

is returned by the Post Office, and if such plaintiff fails to notify the court … within 60 days thereafter of [his] current address, the court may dismiss the action without prejudice for failure to prosecute.").

The Court further **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and **DIRECTS** the Clerk to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

DATE: February 20, 2020

_____
HON. MICHAEL M. ANELLO
United States District Judge